# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PAUL WHITE,**

                                            **Case Number:**

    **Plaintiff,**

**v.**

**D & D GARAGE DOORS, INC.,**

    **Defendant.**

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of his complaint, Plaintiff states as follows:

### Parties

2. Plaintiff, Paul White, is a resident of Sarasota County, Florida.

3. Defendant, D & D Garage Doors, Inc, is a garage door repair and installation company based in Sarasota County, Florida.

4. Plaintiff was hired by Defendant as a crew member on September 10, 2010.

## Jurisdiction

5. Plaintiff resides in Venice, Florida.

6. Defendant conducts business in Sarasota County, Florida.

7. Defendant employed Plaintiff in Sarasota County, Florida.

8. All events giving rise to this action occurred in Sarasota County, Florida.

## Facts

9. Defendant employed Plaintiff as a crew member.

10. Plaintiff was a non-exempt employee to be paid on an hourly basis.

11. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

12. Defendant is a garage door repair and installation company that performs services in Sarasota County, Florida.

13. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

14. At all times during Plaintiff's employment, Defendant classified Plaintiff as an hourly employee.

15. During Plaintiff's employment with Defendant, Plaintiff was eligible to earn and receive bonuses from Defendant.

16. During Plaintiff's employment with Defendant, Plaintiff earned and received bonuses from Defendant.

17. Defendant paid Plaintiff bonuses but did not add the bonus amount to Plaintiff's weekly earnings for purposes of calculating overtime.

18. The bonuses received by Plaintiff should have been added to Plaintiff's regular wages for the relevant time period and the total amount of wages for the time period should have been divided by the number of hours worked for the time period to determine Plaintiff's regular rate of pay. Plaintiff was then entitled to receive one-and-one-half times the new, increased regular rate, for all hours worked beyond 40 in a single workweek during the time period.

19. Defendant failed to pay Plaintiff the correct premium wages for all hours worked beyond 40 because Defendant did not take Plaintiff's bonuses into account when calculating Plaintiff's regular rate or overtime rate.

20. Defendant's failure to calculate Plaintiff's proper overtime rate deprived Plaintiff of earned compensation in violation of the FLSA.

21. As of this date, Plaintiff still has not been paid the correct premium wages for all hours worked beyond 40 in a single workweek.

22. Plaintiff seeks full compensation, including unpaid overtime wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

23. Defendant is a for-profit corporation that operates and conducts business in, among others, Sarasota County Florida, and is therefore, within the jurisdiction of the Court.

24. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved home restoration and required Plaintiff to regularly communicate with customers and traveling along interstate highways and byways. Plaintiff also routinely and regularly communicate with customers and processed payments from out-of-state financial institutions.

25. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

26. The Court has jurisdiction over Plaintiff's claims as material events transpired in Sarasota County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

27. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the home restoration industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

28. At all material times relevant to this action, Plaintiff in his capacity as a crew member, and was individually covered by the FLSA. The very essence of

Plaintiffs' employment is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated because he had to travel along interstate highways and byways in the performance of his duties.

29. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

30. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff the appropriate overtime rate for all hours worked during his employment.

31. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of his employment.

32. However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to pay Plaintiff the correct overtime rate.

## COUNT I – RECOVERY OF OVERTIME WAGES

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32, above.

34. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

35. Defendant classified Plaintiff as a non-exempt employee.

36. During Plaintiff's employment with Defendant, Plaintiff earned bonuses from Defendant.

37. Defendant failed, refused, and neglected to add Plaintiff's earned bonuses to the wages earned by Plaintiff during the bonus pay period.

38. Therefore, Defendant did not pay Plaintiff the correct overtime rate for all hours worked beyond 40 in a single workweek.

39. Plaintiff was entitled to receive one-and-one-half times his regular rate (including bonus pay) for all hours worked beyond 40 in a single work week.

40. Plaintiff regularly worked beyond 40 hours in a single workweek.

41. Defendant engaged in an illegal policy of not paying Plaintiff the correct premium wage for all hours worked beyond 40 in a single work week.

42. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff the correct premium wages for all hours worked beyond 40 in a single workweek.

43. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

44. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 9th day of August, 2022.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com